### WINCHESTER v. BROWNE.

*(Supreme Court, Special Term, New York County.  February, 1891.)*

PLEADING—REPLY—DENIAL OF NEW MATTER.

A general or specific denial of new matter in an answer is a sufficient compliance with an order to reply to such new matter; Code Civil Proc. N. Y. § 516, providing that a reply to the new matter is subject to the same rules as in the case of a counter-claim, which rules require the reply to contain a general or specific denial of each material allegation of the counter-claim, (section 514.)

Action by George C. Winchester against T. Quincy Browne. Defendant demurs to plaintiff's reply to new matter in the answer. For former reports, see 4 N. Y. Supp. 155; 6 N. Y. Supp. 913; 7 N. Y. Supp. 550; 11 N. Y. Supp. 614; 13 N. Y. Supp. 655.

*A. W. Otis*, for plaintiff.  *Abbett & Fuller*, for defendant.

BARRETT, J.  Where the plaintiff is directed to reply to new matter in the answer, constituting a defense by way of avoidance, the reply is subject to the same rules as in the case of a counter-claim. Code, § 516. Those rules are that the reply must contain a general or specific denial of each material allegation controverted by the plaintiff, or any knowledge or information thereof sufficient to form a belief, and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counter-claim. Id. § 514. Where, then, the plaintiff, upon the direction of the court, replies to new matter in avoidance, there must be either a general or specific denial of such new matter, or of any knowledge or information thereof sufficient to form a belief. If no such denial is interposed, the new matter is admitted. But, if a denial be interposed in any one of the forms so prescribed, the defendant cannot successfully demur to the reply upon the ground that it is insufficient in law upon the face thereof. Section 493. It is sufficient in law because it is in precise accord with the form of denial prescribed by law. The defendant complains that the reply does not apprise him of the manner in which the plaintiff intends upon the trial to meet the plea of the statute of limitations. This is but another way of saying that the plaintiff should have admitted the defendant's new matter in avoidance, and set forth in his reply, in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to such new matter in avoidance. The answer to this is that the plaintiff thus relies upon his general or specific denial, or upon his denial of knowledge or information sufficient to form a belief. Upon the trial he will not be permitted to show new matter constituting a defense to the defendant's new matter in avoidance, for the reason that he has not pleaded it. The issue will be upon the denial of the defendant's averments. Tested by these rules, the reply is sufficient in law upon its face, and the demurrer thereto should therefore be overruled, with costs.